# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
| CENTURY INDEMNITY COMPANY and<br>CHUBB GROUP HOLDINGS, INC.,<br><br>        Plaintiffs<br><br>        v.<br><br>TIMOTHY KOSNOFF<br><br>        Defendant. | Adv. Proc. No. _____ |

## CENTURY AND CHUBB'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), and Chubb Group Holdings, Inc. ("Chubb," together with Century, the "Plaintiffs") submit this motion ("Motion") for an order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), under 11 U.S.C. § 105(a), Rule 65 of the Federal Rules of Civil Procedure, as made applicable by Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 7001(7) of the Bankruptcy Rules, issuing a temporary restraining order and preliminary injunction restraining and enjoining the Defendant, Mr. Timothy Kosnoff ("Defendant") from

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

███████████████████████████████

██████████████████████████████████████

## RELIEF REQUESTED

By this Motion, pursuant to Bankruptcy Code section 105(a), and Rules 7001(7) and 7065 of the Bankruptcy Rules, Plaintiffs request entry of an order issuing a temporary restraining order and a preliminary injunction, enjoining the publication by Mr. Kosnoff

███████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

## JURISDICTION AND VENUE

The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This motion relates to the Chapter 11 Proceedings and the related mediation taking place in accordance with the Court's *Order (I) Appointing Mediations, (ii) Referring Certain Matters to mediation, and (iii) Granting Related Relief*, [D.I. 812] (the "Mediation Order").

This Court has subject matter jurisdiction over the proceeding as Mr. Kosnoff's publications relate to the Chapter 11 Proceedings and the mediation and are intended to be

2

communicated to and influence claimants in the Chapter 11 Proceedings, including their view of the Debtors' Plan of Reorganization, the Century and Chubb Settlement, and other mediation issues. Further, the publications are intended to intimidate and threaten the safety of the mediation parties.

The Plaintiffs confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BASIS FOR RELIEF REQUESTED

The Plaintiffs are filing, contemporaneously herewith, *Century and Chubb's Brief in Support of Motion for a Temporary Restraining Order and Preliminary Injunction*, which sets forth the basis for the relief requested herein.

## NO PREVIOUS REQUEST

No previous request for the relief sought herein has been made by the Plaintiffs to this or any other court.

*Remainder of Page Intentionally Left Blank*

Dated: January 21, 2022						Respectfully Submitted,


							By:  /s/ Stamatios Stamoulis
								Stamatios Stamoulis (#4606)

							STAMOULIS & WEINBLATT LLC
							800 N. West Street
							Third Floor
							Wilmington, Delaware  19801
							Telephone:    302 999 1540
							Facsimile:    302 762 1688

							SIMPSON THACHER & BARTLETT LLP
							Jonathan Youngwood (*pro hac vice*)
							Mary Beth Forshaw (*pro hac vice*)
							425 Lexington Avenue
							New York, New York 10017
							Telephone: (212) 455-2000
							Facsimile: (212) 455-2502

							*Counsel for Chubb Group Holdings, Inc.*

							O'MELVENY & MYERS LLP
							Tancred Schiavoni (*pro hac vice*)
							Times Square Tower
							7 Times Square
							New York, New York  10036-6537
							Telephone:    212 326 2000
							Facsimile:    212 326 2061

							*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*

4

# EXHIBIT A

**Proposed Order**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
| CENTURY INDEMNITY COMPANY and CHUBB GROUP HOLDINGS, INC.,<br><br>Plaintiffs<br><br>v.<br><br>TIMOTHY KOSNOFF<br><br>Defendant. | Adv. Proc. No. _____ |

**[PROPOSED] ORDER GRANTING CENTURY AND CHUBB'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Upon consideration of the motion for temporary restraining order and preliminary injunction (the "Motion")[2] filed by counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), and Chubb Group Holdings, Inc. ("Chubb") for entry of an order issuing a temporary restraining order and preliminary injunction, enjoining

REDACTED

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to those terms in the Motion.

███████████████████████████████████████████████████

██████████████████████████████████████████████, all as fully set forth in the Motion and the Memorandum of Law in support thereof; and due and sufficient notice of the Motion having been provided under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a proceeding related to the Chapter 11 Proceedings under 28 U.S.C. § 157; and this Court's entry of a final order being consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been scheduled and, to the extent necessary, held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing (if any was held) and all of the proceedings before the Court; and the legal and factual bases set forth in the Motion and at the Hearing (if any was held) having established just cause for the relief granted herein; and after due deliberation thereon, the Court finds as follows:

A. Plaintiffs have a reasonable likelihood of success on the merits of their claims that Mr. Kosnoff's actions interfered with the mediation parities' efforts to conduct mediation in an orderly fashion in accordance with the Mediation Order, and that Mr. Kosnoff has taken and continues to take actions to intentionally interfere with the settlements that have been reached in the Chapter 11 Proceedings, including the Century and Chubb Settlement.

B. In the absence of this Order, there is a likelihood of irreparable harm to the mediation, mediating parties and the integrity of the Chapter 11 Proceedings if Mr. Kosnoff is permitted to continue his campaign of harassment and intimidation uncurtailed.

C. The Defendant will not sustain greater harm if this Order is granted.

D. Th
REDACTED

Now, therefore, for the foregoing reasons, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2.

REDACTED

3. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. ███████████████████████████████████
████████████████████████████████████
███████████

5. The Court shall retain exclusive jurisdiction over matters pertaining to this Order.

OMM_YΣ:80429364.5