# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
| CENTURY INDEMNITY COMPANY and CHUBB GROUP HOLDINGS, INC.,<br><br>      Plaintiffs<br><br>      v.<br><br>TIMOTHY KOSNOFF<br><br>      Defendant. | Adv. Proc. No. _____ |

## CENTURY AND CHUBB'S BRIEF IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017

*Counsel for Chubb Group Holdings, Inc.*

O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036-6537

*Counsel for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*

FILED UNDER SEAL

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .......................................................................................................... 2

    A. ███████████████████████████████████████ ................................................ 2

    B. ███████████████████████████████████████ ................................................ 4

    C. Mr. Kosnoff's actions present a clear and present danger. .................................... 5

    D. Mr. Kosnoff has ignored prior admonitions about his conduct. ........................... 5

    E. Efforts to meet and confer ..................................................................................... 6

ARGUMENT ................................................................................................................................ 6

    A. Plaintiffs are reasonably likely to succeed on the merits of their claims. ............... 7

    B. The mediating parties will suffer irreparable harm if the Court does not enjoin Mr. Kosnoff's conduct. ................................................................................ 10

    C. The balance of hardships weighs in Plaintiffs' favor. .......................................... 10

    D. The public interest is served by the issuance of an injunction. ........................... 11

CONCLUSION ........................................................................................................................... 11

**Cases**

*Broadstripe, LLC v. Nat'l Cable Television Coop., Inc. (In re Broadstripe, LLC)*,
 402 B.R. 646 (Bankr. D. Del. 2009) .................................................................................. 7, 8

*Dziubla v. Piazza*,
 59 Cal. App. 5th 140 (2020) ................................................................................................. 11

*First Lutheran Church v. City of St. Paul*,
 326 F.Supp.3d 745 (D. Minn. 2018) ...................................................................................... 7

*General Bldg. Contractors Ass'n v. Pennsylvania*,
 458 U.S. 375 S. Ct. 3141 (1982) ............................................................................................ 9

*GlaxoSmithKline Consumer Healthcare, L.P. v. Merix Pharm. Corp.*,
 197 F. App'x 120 (3d Cir. 2006) ........................................................................................... 8

*GTE Sylvania, Inc. v. Consumer Prod. Safety Comm'n*,
 404 F. Supp. 352 (D. Del. 1975) .......................................................................................... 12

*Highmark, Inc. v. UPMC Health Plan, Inc.*,
 276 F.3d 160 (3d Cir. 2001) .................................................................................................. 8

*In re Linerboard Antitrust Lit.*,
 Nos. 08–3493, 2010 WL 129712 (3d Cir. 2010) ................................................................... 9

*In re Prudential Ins. Co. of Am. Sales Practices Lit.*,
 314 F.3d 99 (3d Cir. 2002) .................................................................................................... 9

*In re Stabile*,
 436 F.Supp.2d 406 (E.D.N.Y. 2006) ................................................................................... 10

*Kos Pharms., Inc. v. Andrx Corp.*,
 369 F.3d 700 (3d Cir. 2004) .................................................................................................. 8

*Matter of Member of Bar Hurley*,
 183 A.3d 703 (Del. 2018) ...................................................................................................... 4

*Mullaney v. Aude*,
 126 Md. App. 639 (Md. Ct. Spec. App. 1999) ...................................................................... 4

*Principe v. Assay Partners*,
 586 N.Y. S.2d 182 (N.Y. 1992) ............................................................................................. 5

*Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*,
 826 F.3d 1030 (8th Cir. 2016) ............................................................................................... 7

*Singer Mgmt. Consultants, Inc. v. Milgram*,
 650 F.3d 223 (3d Cir. 2011) .................................................................................................. 8

*Steward v. West*,
  449 F.2d 324 (5th Cir. 1971) ............................................................................ 7

**Statutes**

11 U.S.C. § 105(a) ............................................................................................. 5

18 U.S.C. § 2261A(2) ........................................................................................ 7

28 U.S.C. § 1651(a) ........................................................................................... 6

N.Y. Penal Code §§ 240.25-240.26 ................................................................... 8

**Other Authorities**

Kris Mohandie *et al.*, *The RECON Typology of Stalking: Reliability and Validity Based upon a Large Sample of North American Stalkers, Journal of Forensic Sciences*, 51(1) J Foren. Sci. 147 (2006) ............................................................................. 8

**Rules**

Fed. R. Civ. P. 65(c) .......................................................................................... 5

FILED UNDER SEAL

Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), and Chubb Group Holdings, Inc. ("Chubb," together with Century, the "Plaintiffs") respectfully submit this opening brief in support of their motion (the "Motion") for an order under 11 U.S.C. § 105(a) and Rule 65 of the Federal Rules of Civil Procedure, as made applicable by Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 7001(7) of the Bankruptcy Rules, for a temporary restraining order and a preliminary injunction restraining and enjoining the Defendant Mr. Timothy Kosnoff ("Defendant") ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## PRELIMINARY STATEMENT

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Mr. Kosnoff's actions cross a line. They raise reasonable concerns about personal safety. Kosnoff's actions interfere with the orderly administration and resolution of the Chapter 11 cases generally and with this Court's Mediation Order specifically. The All Writs Act and Section

FILED UNDER SEAL

105(a) of the Bankruptcy Code grant the Court broad authority to act to preserve the integrity of these proceedings and protect the representatives of the parties from improper intimation.

Issuance of a narrowly tailored temporary restraining order and preliminary injunction under the All Writs Act is appropriate under these circumstances. Plaintiffs ask that Mr. Kosnoff be enjoined ███████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████████. ██

████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

We come to the Court for relief as a last resort. Mr. Kosnoff is counsel in the proceedings before Your Honor. His representation is by its terms for these Chapter 11 cases and only these cases. Yet, all efforts to reason with Mr. Kosnoff have proved for naught. He has ignored the Court's requests for civility and is acting increasingly in a rash and unsound manner. Mr. Kosnoff is intent on disrupting the ongoing mediation and any effort to bring about a consensual resolution of these cases at any cost.

**STATEMENT OF FACTS**

A. ████████████████████████████████

████████████████

█████████████████████████████████████████████

█████████████████████████████████████

███████████ ██████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████" █████████████████

████████████████████

Mr. Kosnoff's January 1 and January 16 postings both followed postings about incidents of current alleged abuse, leaving the impression that there was some connection between these events and the individuals ██████████████████████████████████████ when there was no connection whatsoever.  *See* Murray Decl., ¶ 4; *see also* Murray Decl., 1, at 4–5, 13–14, and 51–52.  After inflaming passions in this manner, Mr. Kosnoff ████████

██████████████████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████████████

---

[2]  Mr. Kosnoff has posted these tweets from his Twitter account "@SexAbuseAttys" with the username "Kosnoff Law."  The January 16 tweet said, ███████████████████████████

██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
███████████████████████████.

[3] ██████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
█
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████

FILED UNDER SEAL

███████████████████████████████████████████████████████████████[5]

███████████████████████████████████████████████████████████████

████████████████████████████████████████████

**B.** ███████████████████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████ It does not serve a legitimate purpose but instead is used to intimidate a third party, in violation of Rule 4.4(a) of the Delaware Lawyers' Rules of Professional Conduct.  *See* Rule 4.4(a) ("In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person."); *see also Matter of Member of Bar Hurley*, 183 A.3d 703 (Del. 2018) (citing *Mullaney v. Aude,* 126 Md. App. 639, 654 (Md. Ct. Spec. App. 1999) ("When attorneys engage in harassing and discriminatory behavior 'they do not merely reflect on their own lack of professionalism but they disgrace the entire legal profession and the system of justice that provides a stage for such oppressive actors.'"); *Principe v. Assay Partners,* 586 N.Y. S.2d 182,

---

[5] Many of Mr. Kosnoff's tweets have attacked this Court in personal terms intended to undermine respect for the integrity of the court proceedings. ████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

185 (N.Y. 1992) ("discriminatory conduct on the part of an attorney is inherently adverse to the goals of justice and the legal profession").

Mr. Kosnoff has been candid in expressing his belief that his threats to reveal private information is a weapon to intimidate the parties and their counsel. In response to questioning on how he used threats to disclose personal information, Mr. Kosnoff stated that "I think they are more concerned about their secrets spilling out than they are about the cost of an actual punitive damages judgment." Murray Decl., Ex 6, at 191:23–192:24.

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████ Murray Decl., Ex. 6, at 118:10–13; 119:23–121:22; 123:17–130:7. At his deposition, ██████████████████████████████████████████████

████████████████████████████████████████ Murray Decl., Ex. 6, at 119:6–16.

**C.  Mr. Kosnoff's actions present a clear and present danger.**

Mr. Kosnoff's Twitter account is linked to approximately 4,600 other individuals, many of whom are claimants in the chapter 11 cases. *See* Murray Decl., ██████████████

██████████████████████████████████████████████████████████

████████████████████████████ ██████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████

**D.  Mr. Kosnoff has ignored prior admonitions about his conduct.**

After previously hearing complaints about Mr. Kosnoff, the Court directed that "[a]ll parties need to be able to express their views in a way that puts their views out there, but doesn't denigrate anyone else… it's wholly unhelpful to your position to be inflammatory, defamatory, anything other than professional and civil." *See* Murray Decl., Ex. 7, at 50:9-25. The Court

went on to state that, "[a]s an attorney, your currency is your credibility and those who don't act professionally, those who don't act civilly and with basic decency, do nothing for their credibility either in front of this Court or generally." *Id.*

Mr. Kosnoff ignored that directive entirely, and despite requests from Century to cease this conduct, it has worsened.

**E.      Efforts to meet and confer**

After becoming aware of Mr. Kosnoff's January 1 tweet, Century's counsel wrote Mr. Kosnoff's counsel, David Wilks, and advised him that Mr. Kosnoff had threatened As yet, no action has been taken.

## ARGUMENT

Federal Rule of Civil Procedure 65(b), made applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure, provides that the Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney if specific facts show that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition.[6] This Court also has the power pursuant to Section 105(a) of the

---

[6]  Courts have broad discretion to waive Fed. R. Civ. P. 65(c)'s requirement that the movant seeking a preliminary injunction or temporary restraining order post a bond or other security.  *See*

6                              FILED UNDER SEAL

Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a).

The standards for issuing a temporary restraining order and a preliminary injunction are essentially the same. *See Broadstripe, LLC v. Nat'l Cable Television Coop., Inc. (In re Broadstripe, LLC)*, 402 B.R. 646, 655 (Bankr. D. Del. 2009). A temporary restraining order or preliminary injunction will be issued where a plaintiff shows: (1) a reasonable likelihood of success on the merits; (2) a likelihood that it will suffer irreparable harm if relief is denied; (3) that the nonmoving party will not suffer even greater harm if the injunction is granted; and (4) that the public interest favors such relief. *Id.* (citing *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). In deciding a motion for a temporary restraining order or preliminary injunction, no one factor is determinative. Instead, courts "must weigh the appropriate factors, rather than mechanically apply them." *GlaxoSmithKline Consumer Healthcare, L.P. v. Merix Pharm. Corp.*, 197 F. App'x 120, 124 (3d Cir. 2006). Here, all four factors weigh in favor of granting a temporary restraining order and preliminary injunction.

### A. Plaintiffs are reasonably likely to succeed on the merits of their claims.

To demonstrate a likelihood of success on the merits, a "plaintiff need only prove a prima facie case, not a certainty that he or she will win." *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 173 (3d Cir. 2001). In other words, it is not necessary for a plaintiff to show that it is "more likely than not" to prevail, but merely that it has "a reasonable chance, or probability, of

---

*Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1043 (8th Cir. 2016) (waiver of bond requirement warranted "where the damages resulting from a wrongful issuance of an injunction have not been shown") (internal citations omitted); *Steward v. West*, 449 F.2d 324, 325 (5th Cir. 1971) (finding that no injunction bond need be posted when "it is very unlikely that the defendant will suffer any harm"); *First Lutheran Church v. City of St. Paul*, 326 F.Supp.3d 745, 769 (D. Minn. 2018) (waiving bond requirement).

winning." *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011). Here, Plaintiffs have at least a reasonable chance of prevailing on their claims.

The All Writs Act empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a); *accord General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 401, 102 S. Ct. 3141 (1982). The Third Circuit has approved the use of the All Writs Act to preserve the jurisdiction and efficacy of the Federal Courts. *In re Linerboard Antitrust Lit.*, Nos. 08–3493, 08–4453, 08–4524, 2010 WL 129712, *3 (3d Cir. 2010) ("we hold that the District Court had authority to issue the All Writs Injunction . . . 'in aid of jurisdiction'"); *In re Prudential Ins. Co. of Am. Sales Practices Lit.*, 314 F.3d 99, 105 (3d Cir. 2002) (affirming injunction under the All Writs Act where continued litigation would "'unsettle' what had been thought to be settled, and would disrupt carefully constructed procedures for individual dispute resolution" approved by the Court).

Invocation of the All Writs Act is particularly appropriate where, as here, a party is attempting to interfere with a Court order and frustrate the orderly progression of a case. This Court's Order of June 9, 2020 referred to mediation "the comprehensive resolution of issues and claims in BSA's chapter 11 case through a chapter 11 plan," and designated various parties, including the Debtors and insurers, as mediation parties. *See Order (I) Appointing Mediations, (ii) Referring Certain Matters to mediation, and (iii) Granting Related Relief*, [D.I. 812] at 2 (the "<u>Mediation Order</u>"). Mr. Kosnoff's repeated actions to disrupt and manipulate the resolution of issues through his intimidation of the mediation parties, undermine this Court's Mediation Order and the "procedures for . . . dispute resolution" envisaged thereunder. *Prudential*, 214 F.3d at 105. As such, this Court is well within its rights under the All Writs Act to issue an injunction restraining Mr. Kosnoff from interfering with mediation through his threats against the mediation

parties. *See In re Stabile*, 436 F.Supp.2d 406, 415 (E.D.N.Y. 2006) ("the use of the All Writs Act to enforce the Court's order seems quite appropriate.")

Moreover, Mr. Kosnoff's continued harassment of this Court and the mediation parties are sufficient grounds for this Court to enter an injunction enjoining Mr. Kosnoff from engaging in further activities that would thwart the efforts of the mediation parties and this Court to resolve this case in an orderly fashion. *Stabile*, 436 F.Supp.2d at 418 ("Accordingly, the Court finds that the All Writs Act is a proper basis and appropriate remedy to address complaints of harassment made by a court-appointed monitor when the relief sought includes an injunction or restraining order.")

Mr. Kosnoff has violated federal and New York law by publishing the home addresses of an executive of Chubb. 18 U.S.C. § 2261A(2) provides: "Whoever—(2) with the intent to … harass, intimidate, … uses … any interactive computer service or electronic communication service or electronic communication system of interstate commerce, … to engage in a course of conduct that—(A) places that person in reasonable fear of the death of or serious bodily injury to a person … or (B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person," including immediate family members and spouses or intimate partners, violates the federal stalking statute. ███████████████████████
███████████████████████████████████████████████
███████████████████████████████████████

---

7    *See* Kris Mohandie *et al.*, *The RECON Typology of Stalking: Reliability and Validity Based upon a Large Sample of North American Stalkers, Journal of Forensic Sciences*, 51(1) J Foren. Sci. 147, 150 (2006) (In a study that considered four types of stalking—intimate, acquaintance, public figure, and private stranger—researchers found that "[v]iolence occurred in 46% of the [stalking] cases . . . Subjects used a weapon to threaten and/or harm others or objects in 19% of the cases.").

Similarly, New York law prohibits (1) "intentionally and repeatedly harass[ing] another person …by engaging in a course of conduct or by repeatedly committing acts which places such person in reasonable fear of physical injury"; and (2) "with intent to harass, annoy or alarm another person … engag[ing] in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose." N.Y. Penal Code §§ 240.25-240.26. ███████████████████████████████████████

Because Plaintiffs are likely to succeed on the merits of their claims, the Court should issue the requested injunctive relief. *See Dziubla v. Piazza*, 59 Cal. App. 5th 140 (2020) (remanding for the lower court to consider an injunction after the defendant published the plaintiff's home address on a website in connection with ongoing litigation involving the parties).

**B.	The mediating parties will suffer irreparable harm if the Court does not enjoin Mr. Kosnoff's conduct.**

Unless the requested relief is granted, the mediating parties will suffer irreparable harm, as they will be concerned that the physical safety of their officers and counsel may be compromised by Mr. Kosnoff's actions.

**C.	The balance of hardships weighs in Plaintiffs' favor.**

Without an injunction, the mediating parties will be at the behest of Mr. Kosnoff's online intimidation and abuse. By contrast, Mr. Kosnoff will suffer no injury if the injunction is granted. ████████████████████████████████

**D.      The public interest is served by the issuance of an injunction.**

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████ The public interest is in no way served by permitting bullying and harassment to continue. *See, e.g.*, *GTE Sylvania, Inc. v. Consumer Prod. Safety Comm'n*, 404 F. Supp. 352, 374 (D. Del. 1975) ("In sum, it is difficult to perceive how the public interest would be harmed by enjoining the disclosure of information of dubious accuracy.").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court issue a temporary restraining order and a preliminary injunction, substantially in the form attached as <u>Exhibit A</u> to the Motion, restraining and enjoining Mr. Kosnoff from ████████████████████

██████████████████████████████████████████████████

████████████████████ ████████████████████████████

████████████████████████████████████████████████.

FILED UNDER SEAL

Dated: January 21, 2022                                  Respectfully Submitted,


                                                         By:  */s/ Stamatios Stamoulis*
                                                              Stamatios Stamoulis (#4606)

                                                         STAMOULIS & WEINBLATT LLC
                                                         800 N. West Street
                                                         Third Floor
                                                         Wilmington, Delaware 19801
                                                         Telephone:   302 999 1540
                                                         Facsimile:   302 762 1688

                                                         SIMPSON THACHER & BARTLETT LLP
                                                         Jonathan Youngwood (*pro hac vice*)
                                                         Mary Beth Forshaw (*pro hac vice*)
                                                         425 Lexington Avenue
                                                         New York, New York 10017
                                                         Telephone: (212) 455-2000
                                                         Facsimile: (212) 455-2502

                                                         *Counsel for Chubb Group Holdings, Inc.*

                                                         O'MELVENY & MYERS LLP
                                                         Tancred Schiavoni (*pro hac vice*)
                                                         Times Square Tower
                                                         7 Times Square
                                                         New York, New York 10036-6537
                                                         Telephone:   212 326 2000
                                                         Facsimile:   212 326 2061

                                                         *Counsel for Century Indemnity Company, as*
                                                         *successor to CCI Insurance Company, as*
                                                         *successor to Insurance Company of North*
                                                         *America*

FILED UNDER SEAL

**CERTIFICATE OF SERVICE**

      I, Stamatios Stamoulis, hereby certify that the *Complaint for Injunctive Relief*, *Century and Chubb's Motion for Temporary Restraining Order and Preliminary Injunction*, *Century and Chubb's Brief in Support of Motion for Temporary Restraining Order and Preliminary Injunction*, the *Declaration of Aisling Murray in Support of Century and Chubb's Brief in Support of Motion for Temporary Restraining Order and Preliminary Injunction*, and the *Declaration of Gerard Caulfield in Support of Century and Chubb's Brief in Support of Motion for Temporary Restraining Order and Preliminary Injunction* were filed under seal and were emailed to counsel for Timothy Kosnoff and counsel for the Debtors after the filing.

                                                                  /s/ Stamatios Stamoulis

OMM_US:80429523.15

FILED UNDER SEAL